UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEW MEXICO

In re:

HARI SIMRAN KAUR KHALSA,                          No. 03-19432 TA

    Debtor.

## MEMORANDUM OPINION

This matter is before the Court on the Debtor's Motion to Reconsider, filed April 14, 2014, doc. 19 (the "Motion to Reconsider"). The Motion to Reconsider relates to the Debtor's Motion to Reopen Case, filed March 13, 2014, doc. 12 (the "Motion to Reopen"), and the Court's order denying the Motion to Reopen, entered March 14, 2014. For the reasons set forth below, the Motion to Reconsider will be denied.

    I.    BACKGROUND

The Debtor filed this Chapter 7 case on December 17, 2003 as a no-asset case. She was represented by counsel. On January 23, 2004, the Chapter 7 trustee issued a report of no distribution and notice of abandonment. The Court entered a discharge order on March 17, 2004. A final decree was entered March 29, 2004, and the case was closed.

The Debtor's bankruptcy schedules listed one secured creditor (Del Norte Credit Union, with a lien on a pick-up truck), one priority creditor (the Internal Revenue Service), and 13 general unsecured creditors. Total debts were listed at $78,726.45. None of the debts was shown as disputed. The Debtor submitted a signed declaration that her bankruptcy schedules were true and correct to the best of her knowledge and belief, under penalty of perjury.

Ten years later, on March 13, 2014, the Debtor filed the Motion to Reopen. In it she stated "I reopen case to take out all creditors. . . ." Motion to Reopen, p. 1. In the Motion to Reconsider the Debtor states:

> In fact, every creditor in my case is false. . . . . I did not seek to include these creditors; they were added by my sister Laurie Hope Weir, without my permission. My Motion seeks to withdraw all creditors and to NOT add any new ones. I, in fact, seek to personally pay back all creditors, and end the bankruptcy entirely, just to have a normal credit report and score.

Motion to Reconsider, pp. 1-2.

Elsewhere the Debtor also makes clear that her poor credit is what is motivating her to seek relief from the Court: "The key issue here, is that consumers should not include creditors for car loans; credit cards; or the IRS, without permanent Damage to their credit." Motion to Reconsider, p. 2.

The Debtor also asked the Court to waive the filing fee for the Motion to Reopen. Motion to Reopen, p. 5. In support of the request the Debtor stated:

> My rationale is that I am living in Extended Stay America Hotel in Los Angeles, without otherwise the means to pay for such a fee. I proffer as an addenda 2 fee waiver packets granted by Santa Monica Superior Court and San Diego Probate Court, for fees over $400 in each case. Their fee-waiver packets are identical.

*Id.* Based on the information provided, the Court granted the fee waiver request.

## II. DISCUSSION

A. Original Basis for Denying the Motion to Reopen.

The Court denied the Motion to Reopen because it understood that the Debtor wished to add creditors. That understanding clearly was incorrect. As the Debtor makes very plain in the Motion to Reconsider, her intent is just the opposite—to remove all of her creditors from her bankruptcy schedules, so her case would be left with no creditors whatsoever.

-2-

B.  A Debtor Must List All Creditors.

When filing for relief under the United States Bankruptcy Code, a debtor must list all creditors. 11 U.S.C. § 521(a)(1) and Bankruptcy Rule 1007(a). *See also In re Maya Const. Co.*, 78 F.3d 1395, 1399 (9th Cir. 1996) ("A debtor must list a creditor whose identity and claim he knows."). The purpose of this statute is to give notice to anybody who may have a claim against the debtor. "The debtor is not permitted to omit creditors from the list because the debtor does not want those creditors affected by the bankruptcy case or does not want them to know about the case or for any other reason." 4 Collier on Bankruptcy ¶ 521.03[1] (Alan N. Resnick & Henry J. Sommer, 16th ed.). To permit a debtor to select which parties are creditors and which are not would be contrary to one of the fundamental principles of bankruptcy: treating creditors equally. *See Howard Delivery Serv., Inc. v. Zurich Am. Ins. Co.*, 547 U.S. 651, 655 (2006) ("[T]he Bankruptcy Code aims, in the main, to secure equal distribution among creditors . . . [P]referential treatment of a class of creditors is in order only when clearly authorized by Congress.").

Although the Debtor argues that all of the creditors listed on her schedules are "false," Motion to Reopen, p. 1, the evidence is otherwise. For example, the Debtor entered a reaffirmation agreement with Del Norte Credit Union (doc. 9), clearly indicating that the credit union was a creditor. Furthermore, while Debtor may dispute many of the claims she listed in her schedules,[1] disputed claims must be listed. *See* 11 U.S.C. § 521(a)(1)(A) (debtor shall file a list of creditors); § 101(10) (creditor is an entity with a claim against the debtor; and § 101(5) (claims include disputed claims). The

---

[1] The Motion to Reopen seems to assert that Bank of America, CitiBank, Espanola Hospital Emergency Department, MBNA, Monte Del Sol Medical Group, New Mexico Heart Institute, Raymond Fidaleo MD, Santa Fe Radiology, Sharp Mesa Vista Psychiatric Hospital, St. Vincent's Psychiatric Hospital, University Physician's Associates, and UNM Health Science all hold disputed claims,

-3-

Debtor has made no showing that she is entitled to the extraordinary relief of deleting all her creditors listed in 2003.

C.     Schedules and Amendments Are Signed Under Penalty of Perjury.

Furthermore, the Debtor was required to sign her bankruptcy schedules under penalty of perjury. Bankruptcy Rule 1008 requires that "all petitions, lists, schedules, statements and amendments thereto shall be verified or contain an unsworn declaration as provided in 28 U.S.C. § 1746." 28 U.S.C. § 1746, in turn, provides that the unsworn declaration state: "I declare under penalty of perjury that the foregoing is true and correct." The Debtor's bankruptcy schedules were accompanied by her declaration under penalty of perjury that they were true and correct to the best of her knowledge and belief.[2]

Amendments to bankruptcy schedules are subject to the same perjury rules. Rule 1008 Fed. R. Bankr. P. If Debtor were allowed to reopen her bankruptcy case and delete all of her creditors, she might be exposed to claims that either her original schedules or her amendments ran afoul of the perjury prohibitions, with potentially serious consequences. The Court should not allow this to happen.

D.     Debtor's Proposed Course of Action Would Have No Legal Effect.

In any event, deleting creditors from Schedules D, E, and F at this point would have no legal effect. The creditors were listed in 2004 when the discharge order was entered, and their claims against the Debtor, to the extent dischargeable, were discharged. Removing the creditors from the bankruptcy schedules and mailing matrix at this point would not accomplish anything.

---

[2] Declaration by Debtor for Electronic Filing of Chapter 7 Petition, filed December 17, 2003, doc. 1-1.

-4-

The Debtor apparently wishes to make payment arrangements with creditors post-discharge. For example, she states that "I am working with the IRS now, regarding this filing for 2002." Motion to Reconsider, p. 2. Elsewhere she says "I, in fact, seek to personally pay back all creditors, and end the bankruptcy entirely, just to have a normal credit report and score." *Id.* That all may be true, and the Debtor has the right to voluntarily repay discharged debts. *See* 11 U.S.C. § 524(f) ("Nothing contained in subsection (c) or (d) of this section prevents a debtor from voluntarily repaying any debt."). Nevertheless, wishing to pay discharged debts is not a valid basis for removing creditors from the bankruptcy schedules.

  E. <u>Debtor's Likely Desire, To Revoke Her Discharge and Dismiss Her Case, Cannot be Accommodated</u>.

The Court discerns that the Debtor's goal is to improve her credit by expunging her bankruptcy case from her credit record. Motion to Reconsider, p. 1. This could only be achieved, if at all, by revoking the discharge order and dismissing her case. The bankruptcy court presiding over *In re Mi Jung Hong,* 2014 WL 465562 (Bankr. C.D. Cal. 2014), addressed a similar situation. In *Mi Jung Hong,* the debtor asked the bankruptcy court to reopen her bankruptcy case, revoke the discharge, and then dismiss the case. She wanted these actions taken because "a discharge remaining on her credit report will continue to have a negative effect on her personal and professional life as a real estate escrow agent." 2014 WL 465562, at 1. The court held it did not have the power to revoke the discharge because the sole section dealing with discharge revocation, § 727(d), grants standing only to case trustees, creditors, and the United States trustee. *Id.*

Case 03-19432-t7    Doc 20    Filed 04/21/14    Entered 04/21/14 11:07:51 Page 5 of 9

at *2.[3] The court also held that "[t]he equity powers of the bankruptcy court cannot be used to override specific statutory provisions in the [Bankruptcy] Code." *Id.* at*3, quoting *In re Markovich,* 207 B.R. 909, 913 (9th Cir. BAP 1997). *See also In re Kirk,* 2014 WL 1248040, at *5 (Bankr. D.N.M. 2014) (§ 105(a) equitable powers may not be used in disregard of unambiguous statutory language).

The *Mi Jung Hong* court also noted that granting relief would be prejudicial to creditors, who have been prevented from collecting their debts:

> Debtor now wants to "unring the bankruptcy bell," even though the Chapter 7 bankruptcy case has been fully administered, the trustee issued a no distribution report and no claims have been paid, the court entered the discharge, the creditors were notified of these various events, the creditors have been restrained from collecting on their claims by the automatic stay and the discharge injunction for over two years, she would have the advantage of not being restricted by the Bankruptcy Code in filing a new bankruptcy case and obtaining a new discharge if this one is vacated, but she does not make any arrangements to pay her debts, merely stating that creditors can resume collection after this time. The court finds that these circumstances do not indicate grounds for relief . . . .

2014 WL 465562, at *8. *See also In re Gomez*, 456 B.R. 574, 577 (Bankr. M.D. Fla. 2011) (denies debtor's motion to revoke Chapter 7 discharge and discusses the permanent nature of the discharge injunction and the reliance of a debtor's creditors on such permanency).

Finally, the court expressed skepticism that the maneuver would have the desired effect in any event: "there is no credible or objective proof that her bankruptcy discharge negatively impacts her credit in addition to any negative impact from her filing a bankruptcy case, which remains of record in any event." *Mi Jung Hong* at *8.[4]

---

[3] *See also In re Newton*, 490 B.R. 126, 127 (Bankr. D.D.C. 2013) (same); *Markovich,* 207 B.R. at 911-12 (same).

[4] 15 U.S.C. § 1681c, discussed in Section F below, in general allows consumer reporting agencies to report the filing of cases under Title 11, subject to a time limitation. Thus, the later dismissal of a case likely

-6-

In the case at bar the facts support the requested relief even less than in *Mi Jung Hong*. Here, the Debtor's bankruptcy case was filed more than ten years ago, rather than (as in *Mi Jung Hong*) two and a half years ago. Furthermore, in *Mi Jung Hong* the debtor was a real estate escrow agent and was able to afford counsel. Here, the debtor is pro se and is living in an extended stay hotel, with insufficient income or savings to pay a $260 filing fee. The Court, consistent with the holding in *Mi Jung Hong*, concludes that if the Debtor's real goal is to set aside the discharge order and dismiss the case, the relief must be denied as both beyond the Court's power to grant and unlikely to provide the desired relief.

      F.      <u>The Debtor's Bankruptcy Case Should no Longer Appear on Her Credit Report</u>.

The Debtor probably has achieved her credit reporting goal in any event. 15 U.S.C. § 1681c provides in pertinent part:

> (a) Information excluded from consumer reports
>
> Except as authorized under subsection (b) of this section, no consumer reporting agency may make any consumer report containing any of the following items of information:
>
>     (1) Cases under Title 11 or under the Bankruptcy Act, that from the date of entry of the order for relief or the date of adjudication, as the case may be, antedate the report by more than 10 years.
>
> . . . .

Subsection (b) allow bankruptcy cases that are more than 10 years old to be reported if the proposed credit transaction involves more than $150,000 in principal. 15 U.S.C. § 1681c(b).

---

would not prevent a consumer reporting agency from reporting that a case had been filed, even if the case had later been dismissed.

Under this statute, the Debtor's bankruptcy case would be reported only if a potential lender pulled a copy of her credit report in connection with a loan request for more than $150,000. Based on the information the Debtor provided to the Court in support of her request for a fee waiver, it appears unlikely that the Debtor will be seeking a loan in excess of $150,000, or that such a loan request would be granted, whether or not the 2003 bankruptcy case is shown on a credit report.

If the consumer reporting agencies are improperly reporting her 2003 bankruptcy case, in violation of § 1686c, the Debtor has remedies. *See, e.g.* 15 U.S.C. § 1681i (Procedure in case of disputed accuracy) and § 1681n (Civil liability for willful noncompliance).

### III. CONCLUSION

Debtors generally are relieved to be eligible for a bankruptcy discharge and are willing to endure whatever adverse effects the case filing and discharge have on their credit. Here, the Debtor has enjoyed the benefit of the bankruptcy discharge for ten years but now wishes to "unring the bankruptcy bell." For the reasons set out above, the Court concludes it is neither able nor inclined to grant the requested relief.

The Court will enter a separate order consistent with this Memorandum Opinion.

_____
Hon. David T. Thuma
United States Bankruptcy Judge

Entered: April 21, 2014.

Copies to:

Hari Simran Kaur Khalsa
P.O. Box 661702
Los Angeles, CA 90066

Yvette J. Gonzales
P.O. Box 1037
Placitas, NM 87043-1037